Bruce R. Babcock - State Bar #85878
4808 Santa Monica Ave.
San Diego, CA 92107

(619) 222-2661

Attorney for Debtors

UNITED STATES BANRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: | ) CASE NO:  09-19516-PB13 |
| | ) |
| | ) DECLARATION OF KATHLEEN |
| | ) HILL SUPPORTING |
| WILLIAM SETH HILL and | ) MOTION FOR VALUATION OF |
| KATHLEEN HILL, | ) DEBTORS' RESIDENCE AND |
| | ) AVOIDANCE OF TRUST DEED LIEN |
| Debtors | ) AGAINST SAID RESIDENCE |

----------------------------

DATE: September 28, 2010
TIME: 11:00 A.M.
DEPT: 1

I, Kathleen Hill, declare as follows:

1. I am the Joint Debtor herein and make this Declaration in support of Debtors' Motion For Valuation of Debtor's Residence And Avoidance Of Trust Deed Lien Against Said Residence.

2. On 9/16/09 my husband, William Hill, and I filed case # 09-13933-PB7 in this Court and we received a discharge of all our dischargeable debts on 12/16/09. One of the debts scheduled and discharged in said proceeding was the subject loan from CIT/Vericrest Financial, Inc. in the approximate amount of $77,000 ostensibly secured by a 2nd trust deed against our home at 762 Taft Ave., El Cajon, California.

3. On 12/21/09, after receipt of our 12/16/09 discharge in our chapter 7, my husband and I filed this Chapter 13 case and listed on Schedule A of our Schedules herein our sole residence, being a single family residence real property located at 762 Taft Ave., El Cajon, California 92020. Said Schedule A reflected the market value of said residence at $300,000. On Schedule D of said Schedules we indicated that as of such 12/21/09 case filing date said residence was encumbered by a 1st trust deed lien in favor or Everhome

Mortgage in an amount of $369,000. On 1/13/10 said Everhome filed a Proof of Claim herein claiming $369,121 due as of the 12/21/09 Petition date. A copy of such Proof of Claim (less exhibits thereto) is attached hereto as Exhibit A and incorporated herein by this reference. I believe such Proof of Claim is accurate as to the amount claimed and the secured debt owed. I am informed and believe that said Everhome, or its predecessor in interest, Provident Savings Bank, recorded a deed of trust with the San Diego County Recorder securing such claim on 6/1/05 and that such deed of trust is the 1st trust deed against our home. On said Schedule D we also listed CIT/Vericrest Financial, Inc. as a claimant with a lien against Debtors' residence and indicated that as of the 12/21/09 Petition date herein there was no debt owed to such creditor, either secured or unsecured, and that such claimant held a "lien on property only – no debt". I am informed and believe that said CIT/Vericrest recorded a deed of trust with the San Diego County Recorder on 3/15/06 securing such claim and that such deed of trust is the 2nd trust deed against our home. A copy of the San Diego County public records evidencing the subject 1st trust deed to Provident Savings Bank (the predecessor in interest to Everhome Mortgage) and the 2nd trust deed to CIT/Vericrest is attached hereto as Exhibit B and incorporated by this reference.

A copy of the above-referenced Schedule D is attached as Exhibit C hereto and incorporated herein by this reference.   Said schedule D also reflects a claim to the S.D. County Tax Collector for $1,565 secured by a lien against our residence and a claim to Monarch Grand Vacation H.O.A. for $650 secured by a lien against our time share, both debts which I believe are accurate. On Schedule E of our Schedules herein my husband and I listed no priority claimants as we had none. On Schedule F of our Schedules herein my husband and I accurately listed three unsecured claimants: Citibank in the amount of $36,109 for student loans, Adele Harmeling for credit advanced of $800 and Mr. Jackson Witte for credit advanced of $2,300.

3. On May 5, 2010 a meeting of creditors pursuant to B.K. Code §341(a) was held. My husband, myself and our attorney herein were present, no creditors appeared and Trustee David Skelton held and concluded such meeting on such date.

4. I am informed and believe that our attorney herein recently ordered and obtained a professional appraisal of our subject residence at 762 Taft Ave., El Cajon, California, which appraisal my husband and I paid for. A copy of said appraisal, which valued our residence at $252,000 as of 12/21/2009, is attached hereto as Exhibit D and incorporated herein by this reference. I have reviewed such appraisal and am familiar with our subject residence at 762 Taft Ave., El Cajon, and with sale prices of other homes near our residence. Based on both my own knowledge of our subject residence and sale prices of other homes nearby and on said professional appraisal it is my opinion that the market value of the subject residence of my husband and I as of 12/19/09 was $252,000.

5. It is my intention and, I am informed and believe, the intention of my husband, to avoid the above-referenced 2nd trust deed held by CIT/Vericrest as an encumbrance on our subject residence as it is fully unsecured. My husband and I have already discharged via chapter 7 bankruptcy any personal liability we may have had to pay any of the subject claim of CIT/Vericrest. Attached hereto as Exhibit E and incorporated herein by reference is a copy of our proposed Chapter 13 Plan as filed herein. Paragraph 19 thereof reflects our intention with regard to the subject CIT/Vericrest lien.

6. My husband and I have met with our attorney herein, Bruce R. Babcock, and he has advised us of our rights and responsibilities concerning this case. On 1/16/10 my husband and I signed a U.S. Bankruptcy Court Southern District of California Rights And Responsibilities Of Chapter 13 Debtors And Their Attorney document and I am informed and believe that such was filed herein on 1/19/10. Such document provides for attorney's fees in the amount of $450 for the brings of a lien strip motion such as the subject motion herein and my husband and I have no objection to such an award of fees to our attorney.

I declare under penalty of perjury that the foregoing is true, correct and within my personal knowledge except as to those matters stated to be based upon information or belief and, as to those matters, I believe them to be true and correct, and that I executed this Declaration on 6/29/10 at El Cajon, California.

/s/ Kathleen Hill

3

B10 (Official Form 10)(12/08)

| UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF CALIFORNIA (San Diego) | | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor: WILLIAM SETH HILL KATHLEEN HILL | Case Number: 09-19516-PB13 |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| | |
|---|---|
| Name of Creditor (The person or other entity to whom the debtor owes money of property): EVERHOME MORTGAGE | ☐ Check this box to indicate that this claim amends a previously filed claim. |
| Name and address where notices should be sent: EVERHOME MORTGAGE 8100 NATIONS WAY JACKSONVILLE, FL 32256 Telephone number: (949) 252-9400 | **Court Claim Number:** *(If known)* Filed on: |
| Name and address where payment should be sent (if different from above): Telephone number: | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. ☐ Check box if you are the debtor or trustee in this case. |

**1. Amount of Claim as of Date Case Filed:** $369,121.28

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** Money loaned

**3. Last four digits of any number by which creditor identifies debtor:** XXXX9904

**3a. Debtor may have scheduled account as:**

**4. Secured Claim**
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

**Nature of property or right of setoff:** [X] Real Estate ☐ Motor Vehicle ☐ Other

**Value of Property:** _____ **Annual Interest Rate** _____
Amount of arrearage and other charges as of time case filed included in secured claim,

**if any:** $18,463.64 **Basis for perfection:** _____

**Amount of Secured Claim:** $369,121.28 **Amount Unsecured:** _____

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary.

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950), * earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507 (a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507 (a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. § 507 (a)(___).

**Amount entitled to priority:**

$ _____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

| Date: January 13, 2010 /s/William G. Malcolm | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. William G. Malcolm EverHome Mortgage | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

B10

C:\BCP\PDFExport\MyCompany\POC\2010-01\Docs\m54647.Hill.ah.poc-3942.pdf

NCF Rev 0949 (Ch-13)

*EXHIBIT A*

**Exhibit "1"**

| | |
|---|---|
| **Payment Total:** | $ 15,956.24 |
| **Late charge Total:** | $ 0.00 |
| **Other charges Total:** | $ 2,507.40 |
| **Arrears Total:** | $ 18,463.64 |

**Exhibit "1"**

**Pre-Petition Arrears:**

8 payments due at $ 1,994.53 each      $ 15,956.24
(May/2009 to December/2009)

**Exhibit "1" continue**

|  | **Other charges total:** | **$ 2,507.40** |
|---|---|---|

**Other Charges:**

| | |
|---|---|
| Property Inspection | $ 54.00 |
| Late Charges | $ 335.40 |
| Bankruptcy Costs | $ 700.00 |
| Attorney Fees & Costs | $ 1,333.00 |
| Appraisal/BPO Fees | $ 85.00 |

**Property Detail Report**

Subject Property

**762 Taft Ave**
**El Cajon, CA 92020-6445**
**San Diego County**



 Preforeclosure

## Owner Info:

| | | | |
|---|---|---|---|
| Owner Name : **Hill William Seth** | | Tax Billing Zip+4 : **6445** | |
| Owner Name 2 : **Hill Kathleen A** | | Recording Date : **09/18/2001** | |
| Tax Billing Address : **762 Taft Ave** | | Annual Tax : **$3,129** | |
| Tax Billing City & State : **El Cajon CA** | | County Use Code : **1 Family Residence** | |
| Tax Billing Zip : **92020** | | Universal Land Use : **SFR** | |

## Location Info:

| | |
|---|---|
| Tract Number : **3308** | Flood Zone Panel : **0602891662F** |
| Subdivision : **Washington Park** | School District : **Grossmont Un** |
| Zoning : **1** | Map Coordinates : **1251-G6** |
| Census Tract : **153.01** | Carrier Route : **C027** |
| Flood Zone Code : **X** | Flood Panel Date : **06/19/1997** |

## Tax Info:

| | |
|---|---|
| Tax ID : **493-051-07-00** | Improved Assessment : **$159,457** |
| Tax Year : **2009** | Total Assessment : **$274,174** |
| Annual Tax : **$3,129** | % Improv : **58%** |
| Homestead : **Homeowner** | Tax Area : **03003** |
| Assessment Year : **2009** | Legal Description : **Lot 7** |
| Land Assessment : **$114,717** | Lot Number : **7** |

## Characteristics:

| | |
|---|---|
| Lot Acres : **.1814** | Lot Sq Ft : **7,900** |
| Garage Type : **Garage** | Garage Capacity : **2** |
| Building Sq Ft : **1,300** | Total Units : **1** |
| Bedrooms : **4** | Total Baths : **2** |
| Full Baths : **2** | Effective Year Built : **1956** |

## Last Market Sale:

| | |
|---|---|
| Recording Date : **09/18/2001** | Owner Name : **Hill William Seth** |
| Settle Date : **07/25/2001** | Owner Name 2 : **Hill Kathleen A** |
| Sale Price : **$239,000** | Seller : **Radcliff Inv Co Inc** |
| Document No : **672058** | Price Per Sq Ft : **$183.85** |
| Deed Type : **Grant Deed** | |

## Sales History:

**More History**

| | | | |
|---|---|---|---|
| Recording Date : **07/29/2004** | **09/18/2001** | **01/09/2001** | **12/28/2000** |
| Sale Price : | **$239,000** | **$189,000** | |
| Nominal : **Y** | | | **Y** |
| Sale/Tax Stamp Type : **Unknown** | **Full** | **Unknown** | **Unknown** |
| Buyer Name : **Hill William S & Kathleen A** | **Hill William S & Kathleen** | **Radcliff Investment Co Inc** | **Howland Maria E** |
| Buyer Name 2 : **Hill Kathleen A** | **Hill Kathleen** | | |
| Seller Name : **Hill William S & Kathleen** | **Radcliff Inv Co Inc** | **Ctc Real Estate Services** | **Howland David B** |
| Document No : **714531** | **672058** | **13604** | **712243** |
| Document Type : **Grant Deed** | **Grant Deed** | **Trustee Deed** | **Grant Deed** |

## Mortgage History:

*EXHIBIT B*

| Mortgage Date : | 03/15/2006 | 06/01/2005 | 07/29/2004 | 10/14/2003 |
| --- | --- | --- | --- | --- |
| Mortgage Amt : | $75,000 | $350,000 | $300,000 | $255,000 |
| Mortgage Lender : | Cit Grp/Consumer Fin Inc | Provident Svgs Bk Fsb | New Century Mtg Corp | Fieldstone Mtg Co |
| Mortgage Type : | Conventional | Conventional | Conventional | Conventional |
| Borrower 1 : | Hill William S & Kathleen A | Hill William S & Kathleen A | Hill William S & Kathleen A | Hill William S & Kathleen |

Courtesy of Bruce Babcock
Sandicor

The data within this report is compiled by First American CoreLogic from public and private sources. If desired, the accuracy of the data contained herein can be independently verified by the recipient of this report with the applicable county or municipality.

B6D (Official Form 6D) (12/07)

In re  **William Seth Hill,**  
      **Kathleen Hill**

Case No.   **09-19516-PB13**

Debtors

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. **xxxxxxx9904**<br><br>**Everhome Mortgage**<br>**P.O. Box 2167**<br>**Jacksonville, FL 32232** | | C | 2005<br><br>1st TD<br><br>Debtors' residence at 762 Taft Ave., El Cajon, CA  92020 | | | | | |
| | | | Value $            **300,000.00** | | | | 369,000.00 | 69,000.00 |
| Account No. **15053077**<br><br>**Monarch Grand Vacation H.O.A.**<br>**c/o A.C.S.**<br>**23091 Mill Creek Dr.**<br>**Laguna Hills, CA 92653** | | C | 2000<br><br>lien for H.O.A. fees<br><br>time-share with Monarch Grand in Laguna Hills, CA | | | | | |
| | | | Value $            **5,000.00** | | | | 650.00 | 0.00 |
| Account No.<br><br>**San Diego County Tax Collector**<br>**P.O. Box 129009**<br>**San Diego, CA 92112** | | C | for payment due 12/10/09<br><br>real property tax lien<br><br>Debtors' residence at 762 Taft Ave. | | | | | |
| | | | Value $            **300,000.00** | | | | 1,565.00 | 0.00 |
| Account No. **xxxxx7922**<br><br>**Vericrest Financial**<br>**715 S. Metropolitan Ave.**<br>**Oklahoma City, OK 73108** | | C | 2006<br><br>2nd TD<br><br>Debtors' residence at 762 Taft Ave., El Cajon, CA  92020 | | | | LIEN ON PROPERTY ONLY — NO DEBT<br>0.00 | 0.00 |
| | | | Value $            **300,000.00** | | | | | |

| | | Subtotal<br>(Total of this page) | 371,215.00 | 69,000.00 |
|---|---|---|---|---|
| **0**   continuation sheets attached | | Total<br>(Report on Summary of Schedules) | 371,215.00 | 69,000.00 |

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037

*EXHIBIT C*

Best Case Bankruptcy

## Supplemental Addendum

File No. 062610T1

| | | | | | |
|---|---|---|---|---|---|
| Borrower/Client | N/A | | | | |
| Property Address | 762 Taft Ave | | | | |
| City | El Cajon | County San Diego | State Ca | Zip Code 92020-6445 |
| Borrower/Client | N/A | | | | |

This report contains an electronically affixed, digitally signed appraiser's signature, therefore the following information applies:

This report is an original document. It has been printed from a digitally signed and secured appraisal report. This type of signature is considered a valid original and is not a copy. Subsequently it carries the same level of authenticity and responsibility as an ink signature on a paper copy report. This procedure was adopted unanimously on July 18, 1995 by the Appraisal Standards Board and is indicated as such in the latest edition of the Uniform Standards of Professional Appraisal Practice (USPAP) in the section "Standards on Appraisal Standards No. 8 (SMT-*).

The digitally signed report is designed to be sent directly to the lender and ready by computer. This helps to ensure a faster delivery of the appraisal report. To begin electronic delivery of appraisal report, make sure your computer is equipped with "e-mail" service and has Adobe Acrobat Reader 4.0 installed ( Adobe Acrobat Reader can be installed at: www.adobe.com )

| | | |
|---|---|---|
| Signature | | Signature |
| Name Trevor Smyth | | Name |
| Date Signed June 26, 2010 | | Date Signed |
| State Certification # AR040660 | State Ca | State Certification # ____ State ____ |
| Or State License # | State | Or State License # ____ State ____ |

Form TADD2 — "WinTOTAL" appraisal software by a la mode, inc. — 1-800-ALAMODE

*EXHIBIT D*

File No.:  062610T1

# RESIDENTIAL APPRAISAL REPORT



### Date of Valuation

12/21/2009

### Property Address

762 Taft Ave
El Cajon, Ca 92020-6445
Lot 7

### For

Law Office of Bruce R. Babcock
4808 Santa Monica Ave.
San Diego, Ca 92107

## TABLE OF CONTENTS

Supplemental Addendum w/sig block ............................................................................................................................................................. 1
Invoice ......................................................................................................................................................................................................... 2
Letter of Transmittal ................................................................................................................................................................................... 3
Summary of Salient Features ...................................................................................................................................................................... 4
GP Residential ............................................................................................................................................................................................. 5
Statement of Limiting Conditions ............................................................................................................................................................... 8
Building Sketch (Page - 1) .......................................................................................................................................................................... 10
Plat Map ...................................................................................................................................................................................................... 11
Aerial Map ................................................................................................................................................................................................... 12
Subject Photos ............................................................................................................................................................................................ 13
Subject Photos Interior ............................................................................................................................................................................... 14
Photograph Addendum ............................................................................................................................................................................... 15
Photograph Addendum ............................................................................................................................................................................... 16
Photograph Addendum ............................................................................................................................................................................... 17
Comparable Photos 1-3 .............................................................................................................................................................................. 18
License ........................................................................................................................................................................................................ 19

# INVOICE

**FROM:**

26551 Tampico pl.
Mission Viejo, Ca. 92691

**Telephone Number:**                    **Fax Number:**

| INVOICE NUMBER |
|---|
| 062610T1 |
| **DATE** |
| 6/26/2010 |

| **REFERENCE** | |
|---|---|
| Internal Order #: | 062610T1 |
| Lender Case #: | 062610T1 |
| Client File #: | |
| Main File # on form: | 062610T1 |
| Other File # on form: | 062610T1 |
| Federal Tax ID: | |
| Employer ID: | |

**TO:**
N/A
Law Office of Bruce R. Babcock
4808 Santa Monica Ave.
San Diego, Ca 92107

**Telephone Number:** (619) 222-2661      **Fax Number:** (619) 222-2310
**Alternate Number:**                     **E-Mail:** brbab@hotmail.com

Remit Payment to:

A late fee of 5% per month will be accessed after 45 days from invoice date.
Accepted methods of payment are Check, Money Order, Cash, Master Card, Visa, Discover, and American Express
A $25.00 processing fee will be charged for all returned checks.

## DESCRIPTION

**Lender:** N/A                           **Client:** Law Office of Bruce R. Babcock
**Purchaser/Borrower:** N/A
**Property Address:** 762 Taft Ave
**City:** El Cajon
**County:** San Diego          **State:** Ca          **Zip:** 92020-6445
**Legal Description:** Lot 7

| FEES | AMOUNT |
|---|---|
| Full Appraisal/GP Form for the retrospective date of 12/21/2009 | 325.00 |

NOTE: In the event that the client,underwriter,lender,reviewer,requires more information to be added to the
report. Depending on the time and distance that needs to be traveled to acquire this information, could result in
additional fees to be paid to Smyth Appraisals. Each requirement is evaluated and determined if additional
fees might be required.

Once an appraisal is sent out to the client/homeowner, the fee for the appraisal is non refundable. This is due to
the fact that no appraisal is "contingent" upon providing or facilitating results that are beyond the realm of the
actual market value estimate that is developed through out the research that went into the assignment.
If the intended "use" or "intentions" are not satisfactory for the user/s it does not become the responsibility of
the appraiser to absorb the cost.
Smyth Appraisals does not provide any type of professional court appearance or testimony on any appraisal
we perform, this is just my policy (Trevor Smyth, owner of Smyth Appraisals)

|  | **SUBTOTAL** | 325.00 |
|---|---|---|

| PAYMENTS | | AMOUNT |
|---|---|---|
| **Check #:**   **Date:** 6/25/2010   **Description:** Paid by check | | 325.00 |
| **Check #:**   **Date:**   **Description:** | | |
| **Check #:**   **Date:**   **Description:** | | |
|  | **SUBTOTAL** | 325.00 |
|  | **TOTAL DUE** | $          0 |

Smyth Appraisals
Trevor Smyth
26551 Tampico pl.
Mission Viejo,Ca. 92691


email : tcsmyth@sbcglobal.net


N/A



Re: Property:     762 Taft Ave
                  El Cajon, Ca 92020-6445
   Borrower:      N/A
   File No.:      062610T1


In accordance with your request, we have appraised the above referenced property.  The report of that appraisal is
attached.

The scope of work for this appraisal was to estimate the market value of the property described in this appraisal report,
as improved, in unencumbered fee simple title of ownership. The stated usage is for the purpose of an, "Estimate of
value". "Retrospective date of 12/21/2009"

This report is based on a physical analysis of the site and improvements, a locational analysis of the neighborhood and
city, and an economic analysis of the market for properties such as the subject.  The appraisal was developed and the
report was prepared in accordance with the Uniform Standards of Professional Appraisal Practice.

The value conclusions reported are as of the effective date stated in the body of the report and contingent upon the
certification and limiting conditions attached.




Sincerely,



Trevor Smyth
Smyth Appraisals

## SUMMARY OF SALIENT FEATURES

| SUBJECT INFORMATION | | |
|---|---|---|
| | Subject Address | 762 Taft Ave |
| | Legal Description | Lot 7 |
| | City | El Cajon |
| | County | San Diego |
| | State | Ca |
| | Zip Code | 92020-6445 |
| | Census Tract | 0153.01 |
| | Map Reference | 1251_G6 |

| SALES PRICE | | |
|---|---|---|
| | Sale Price | $ N/A |
| | Date of Sale | N/A |

| CLIENT | | |
|---|---|---|
| | Borrower/Client | N/A |
| | Borrower/Client | N/A |

| DESCRIPTION OF IMPROVEMENTS | | |
|---|---|---|
| | Size (Square Feet) | 1,300 |
| | Price per Square Foot | $ |
| | Location | Average |
| | Age | 54 |
| | Condition | Average |
| | Total Rooms | 6 |
| | Bedrooms | 4 |
| | Baths | 2 |

| APPRAISER | | |
|---|---|---|
| | Appraiser | Trevor Smyth |
| | Date of Appraised Value | 12/21/2009 |

| VALUE | | |
|---|---|---|
| | Final Estimate of Value | $ 252,000 |

062610T1
File No.: 062610T1

## RESIDENTIAL APPRAISAL SUMMARY REPORT

| | |
|---|---|
| Property Address: 762 Taft Ave | City: El Cajon   State: Ca   Zip Code: 92020-6445 |
| County: San Diego | Legal Description: Lot 7 |

**SUBJECT**

Assessor's Parcel #: 493-051-07-00
Tax Year: 2009   R.E. Taxes: $ 3,129   Special Assessments: $ N/A   Borrower (if applicable): N/A
Current Owner of Record: Seth & Kathleen Hill   Occupant: ☒ Owner ☐ Tenant ☐ Vacant   ☐ Manufactured Housing
Project Type: ☐ PUD ☐ Condominium ☐ Cooperative ☒ Other (describe) SFR   HOA: $ N/A   ☐ per year ☐ per month
Market Area Name: N/A   Map Reference: 1251_G6   Census Tract: 0153.01

**ASSIGNMENT**

The purpose of this appraisal is to develop an opinion of: ☐ Market Value (as defined), or ☒ other type of value (describe)   Market value for 12/21/2009
This report reflects the following value (if not Current, see comments): ☐ Current (the Inspection Date is the Effective Date) ☒ Retrospective ☐ Prospective
Approaches developed for this appraisal: ☒ Sales Comparison Approach ☒ Cost Approach ☐ Income Approach (See Reconciliation Comments and Scope of Work)
Property Rights Appraised: ☒ Fee Simple ☐ Leasehold ☐ Leased Fee ☐ Other (describe)
Intended Use: The intended use of this appraisal is for Bruce R. Babcock  for the estimate of current market value. Can't be used for lending purpose.
Intended User(s) (by name or type): Bruce R. Babcock , and who ever he wants to release or share the contents of the appraisal with.
Client: Law Office of Bruce R. Babcock   Address: 4808 Santa Monica Ave., San Diego, Ca 92107
Appraiser: Trevor Smyth   Address: 26551 Tampico Place, Mission Viejo, Ca 92691

**MARKET AREA DESCRIPTION**

| Location: | ☐ Urban | ☒ Suburban | ☐ Rural | Predominant Occupancy | One-Unit Housing | | Present Land Use | Change in Land Use |
|---|---|---|---|---|---|---|---|---|
| Built up: | ☒ Over 75% | ☐ 25-75% | ☐ Under 25% | | PRICE   AGE | | One-Unit   70 % | ☒ Not Likely |
| Growth rate: | ☐ Rapid | ☒ Stable | ☐ Slow | ☒ Owner   75 | $(000)   (yrs) | | 2-4 Unit   5 % | ☐ Likely * ☐ In Process * |
| Property values: | ☐ Increasing | ☒ Stable | ☒ Declining | ☒ Tenant   25 | 205 Low   45 | | Multi-Unit   15 % | * To: |
| Demand/supply: | ☐ Shortage | ☐ In Balance | ☒ Over Supply | ☒ Vacant (0-5%) | 252 High   58 | | Comm'l   10 % | |
| Marketing time: | ☐ Under 3 Mos. | ☐ 3-6 Mos. | ☒ Over 6 Mos. | ☐ Vacant (>5%) | 235 Pred   52 | | % | |

Market Area Boundaries, Description, and Market Conditions (including support for the above characteristics and trends):   Market conditions, and sales prices
have been declining over the past 1-2 years. Conventional financing most common, no unusual finance plans common to the area. Market
times are predominantly under 190 days or less, with the exception of comp # 3 it had higher DOM, due to condition & priced wrong most
common.

**SITE DESCRIPTION**

Dimensions: See plat map   Site Area: 7,900
Zoning Classification: R-1   Description: Single Family Residence
Zoning Compliance: ☒ Legal ☐ Legal nonconforming (grandfathered) ☐ Illegal ☐ No zoning
Are CC&Rs applicable? ☐ Yes ☐ No ☒ Unknown   Have the documents been reviewed? ☐ Yes ☐ No   Ground Rent (if applicable) $           /
Highest & Best Use as improved: ☒ Present use, or ☐ Other use (explain)

Actual Use as of Effective Date: 12/21/2009   Use as appraised in this report: 12/21/2009
Summary of Highest & Best Use: The current use of the property is the highest and best use.

| Utilities | Public | Other | Provider/Description | Off-site Improvements | Type | Public | Private | Topography | Flat |
|---|---|---|---|---|---|---|---|---|---|
| Electricity | ☒ | ☐ | N/A | Street | Asphalt | ☒ | ☐ | Size | 7,900 |
| Gas | ☒ | ☐ | N/A | Curb/Gutter | Yes/Cement | ☒ | ☐ | Shape | Rectangular |
| Water | ☒ | ☐ | N/A | Sidewalk | Yes/Cement | ☒ | ☐ | Drainage | Average |
| Sanitary Sewer | ☒ | ☐ | N/A | Street Lights | Yes | ☒ | ☐ | View | None |
| Storm Sewer | ☒ | ☐ | N/A | Alley | none | | | | |

Other site elements: ☒ Inside Lot ☐ Corner Lot ☐ Cul de Sac ☒ Underground Utilities ☐ Other (describe)
FEMA Spec'l Flood Hazard Area ☐ Yes ☒ No FEMA Flood Zone X   FEMA Map # 06073C1662F   FEMA Map Date 6/19/1997
Site Comments: The site is a flat lot with average drainage, rectangular in shape.

**DESCRIPTION OF THE IMPROVEMENTS**

| General Description | | Exterior Description | | Foundation | | Basement | ☒ None | Heating | Yes |
|---|---|---|---|---|---|---|---|---|---|
| # of Units | 1   ☐ Acc.Unit | Foundation | Cem/Wd/Avg | Slab   Raised | | Area Sq. Ft. | | Type | FAH |
| # of Stories | One | Exterior Walls | Stuc/sidng/avg | Crawl Space N/A | | % Finished | | Fuel | Gas |
| Type ☒ Det. ☐ Att. | | Roof Surface | Comp/Avg | Basement   N/A | | Ceiling | | | |
| Design (Style) | Tract, 1 story | Gutters & Dwnspts. | Aluminum/Avg | Sump Pump ☐ N/A | | Walls | | Cooling | Yes |
| ☒ Existing ☐ Proposed ☐ Und.Cnst. | | Window Type | Alum/Avg | Dampness ☐ N/A | | Floor | | Central | CAC |
| Actual Age (Yrs.) 54 | | Storm/Screens | Aluminum/Avg | Settlement   None App | | Outside Entry | | Other | |
| Effective Age (Yrs.) 30 | | | | Infestation   None App | | | | | |

| Interior Description | | Appliances | | Attic ☐ None | Amenities | | | | Car Storage | ☐ None |
|---|---|---|---|---|---|---|---|---|---|---|
| Floors | Crpt/vin/Avg | Refrigerator ☐ | Stairs ☐ | Fireplace(s) # N/A | | Woodstove(s) # N/A | | Garage   # of cars ( 2   Tot.) |
| Walls | Plas/Avg | Range/Oven ☒ | Drop Stair ☐ | Patio   Covered/cem   N/A | | N/A | | Attach.   2   cars |
| Trim/Finish | wood/Avg | Disposal ☒ | Scuttle ☒ | Deck   N/A   N/A | | N/A | | Detach.   N/A   N/A |
| Bath Floor | Vinyl/Avg | Dishwasher ☒ | Doorway ☐ | Porch   Cem/Cvr   N/A | | N/A | | Blt.-In   N/A   N/A |
| Bath Wainscot | Marble style/Avg | Fan/Hood ☒ | Floor ☒ | Fence   Wood   N/A | | N/A | | Carport   N/A   N/A |
| Doors | Wood/Avg | Microwave ☐ | Heated ☐ | Pool   None   N/A | | N/A | | Driveway   yes   3 spaces |
| Kitchen | Formica/Avg | Washer/Dryer ☐ | Finished ☐ | | | N/A   N/A | | Surface   Concrete |

Finished area above grade contains:   6 Rooms   4 Bedrooms   2 Bath(s)   1,300 Square Feet of Gross Living Area Above Grade
Additional features:   The subject property is tract built, and has been maintained with carpet/vinyl flooring throughout. Formica counter tops in
kitchen, marble style in bathrooms. Enclosed patio in back yard. Wood patio deck & cement patio deck, large covered courtyard in front.
Describe the condition of the property (including physical, functional and external obsolescence):   The subject property shows normal depreciation due to it's
ongoing maintenance and updating. The subject has been completed in a professional workman like manner. No adverse conditions, or
inadequacies noted at time of inspection. No external, functional, or physical inadequacies were noted.

Copyright© 2007 by a la mode, inc. This form may be reproduced unmodified without written permission, however, a la mode, inc. must be acknowledged and credited.
**GP RESIDENTIAL**
Form GPRES2 — "WinTOTAL" appraisal software by a la mode, inc. — 1-800-ALAMODE
3/2007

062610T1
File No.: 062610T1

## RESIDENTIAL APPRAISAL SUMMARY REPORT

My research ☐ did  ☒ did not reveal any prior sales or transfers of the subject property for the three years prior to the effective date of this appraisal.

Data Source(s):  According to Real List/MLS

| TRANSFER HISTORY | | |
|---|---|---|
| 1st Prior Subject Sale/Transfer | Analysis of sale/transfer history and/or any current agreement of sale/listing:  According to Real List Data, MLS, Title |
| Date: | No sales/transfers | the subject property has not sold/transferred in the last 36 months prior to the effective date of this |
| Price: | N/A | appraisal. |
| Source(s): Real list data, Title, MLS | |
| 2nd Prior Subject Sale/Transfer | |
| Date: | |
| Price: | |
| Source(s): | |

SALES COMPARISON APPROACH TO VALUE (if developed)  ☐ The Sales Comparison Approach was not developed for this appraisal.

| FEATURE | SUBJECT | COMPARABLE SALE # 1 | | COMPARABLE SALE # 2 | | COMPARABLE SALE # 3 | |
|---|---|---|---|---|---|---|---|
| Address | 762 Taft Ave | 622 Taft Ave. | | 405 Filbert St. | | 733 S Sunshine Ave. | |
| | El Cajon, Ca 92020-6445 | Apn:488-333-14-00, San Diego | | Apn:488-250-24-00,San Diego | | Apn:492-160-06-00, San Diego | |
| Proximity to Subject | | 0.19 miles N | | 0.36 miles NE | | 0.45 miles W | |
| Sale Price | $ N/A | | $ 237,000 | | $ 252,000 | | $ 205,000 |
| Sale Price/GLA | $ /sq.ft. | $ 193.31 /sq.ft. | | $ 205.21 /sq.ft. | | $ 150.29 /sq.ft. | |
| Data Source(s) | MLS/Real List Data | Ext. Inspection/MLS/Real List | | Ext. Inspection/MLS/Real List | | Ext. Inspection/MLS/Real List | |
| Verification Source(s) | Int/ext inspection | DOC#381969 | | DOC#495045 | | DOC#606315 | |
| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | +(-) $ Adjust. | DESCRIPTION | +(-) $ Adjust. | DESCRIPTION | +(-) $ Adjust. |
| Sales or Financing | N/A | Conventional | | Conventional | | Conventional | |
| Concessions | none | none | | none | | none | |
| Date of Sale/Time | N/A | 07/13/2009 | | 09/03/2009 | | 10/30/2009 | |
| Rights Appraised | Fee Simple | Fee Simple | | Fee Simple | | Fee Simple | |
| Location | Average | Average | | Average | | Average | |
| Site | 7,900 | 12,000 | -4,100 | 11,100 | -3,200 | 8,276 | -376 |
| View | None | None | | None | | None | |
| Design (Style) | Tract, 1 story | Tract, 1 story | | Tract, 1 story | | Tract, 1 story | |
| Quality of Construction | Average | Average | | Average | | Average | |
| Age | 54 | 58 | | 45 | | 53 | |
| Condition | Average | Average | | Average | | Average- | +7,000 |
| Above Grade | Total / Bdrms / Baths | Total 5 / Bdrms 3 / Baths 1 | +6,000 | Total 5 / Bdrms 3 / Baths 2 | +6,000 | Total 5 / Bdrms 2 / Baths 2 | +12,000 |
| Room Count | 6 / 4 / 2 | | +5,000 | | | | |
| Gross Living Area | 1,300 sq.ft. | 1,226 sq.ft. | +2,220 | 1,228 sq.ft. | +2,160 | 1,364 sq.ft. | -1,920 |
| Basement & Finished | N/A | N/A | | N/A | | N/A | |
| Rooms Below Grade | N/A | N/A | | N/A | | N/A | |
| Functional Utility | Average | Average | | Average | | Average | |
| Heating/Cooling | FAU/CAC | FAU/None | +1,500 | FAU/None | +1,500 | FAU/None | +1,500 |
| Energy Efficient Items | Standard | Standard | | Standard | | Standard | |
| Garage/Carport | 2 Car Garage | 1 Car Garage | +8,000 | 2 Car Garage | | 1 Car Garage | +8,000 |
| Porch/Patio/Deck | Patio/Porch | Patio/Porch | | Patio/Porch | | Patio/Porch | |
| Improvements | Upgrades | Equal/Upgrades | | Equal/Upgrades | | Infer/Upgrades | +7,000 |
| Fence/Pool/Spa | Fnc/no pool/spa | Fnc/ no pool/spa | | Fnc/ no pool/spa | | Fnc/ no pool/spa | |
| Days on Market | N/A | DOM=10 | | DOM=4 | | DOM=242 | |
| Net Adjustment (Total) | | ☒ + ☐ - | $ 18,620 | ☒ + ☐ - | $ 6,460 | ☒ + ☐ - | $ 33,204 |
| Adjusted Sale Price of Comparables | | | $ 255,620 | | $ 258,460 | | $ 238,204 |

Summary of Sales Comparison Approach    All comparables in report are located in the same area. Construction is similar. Sales are within 5 months, from the retrospective date requested (which is normal) All dissimilarities were adjusted according to market reaction. Condition and upgrade adjustments were made from personal observation and information obtained from MLS listings. A correlation of adjusted sales, brackets and supports my estimated value. The Three comparables used are the best indictor of value as they reflect similar buyer/client appeal. The market recognizes a degree of upgrades, and site amenities. A good correlation of values ranging from $238,204 to $258,460 bracket and support the appraised value @ $ 252,000 with comp # 2 given the most weight due to conformity/style/condition. Bedroom adjustment was done at $6,000, bathroom adjustment was done at $5,000 for a full bath. The garage slot difference was done at $8,000 per car slot. Lot sq-ft difference was done at $1.00 per sq-ft.

Indicated Value by Sales Comparison Approach $  252,000

Copyright© 2007 by a la mode, inc. This form may be reproduced unmodified without written permission, however, a la mode, inc. must be acknowledged and credited.

GP RESIDENTIAL    Form GPRES2 — "WinTOTAL" appraisal software by a la mode, inc. — 1-800-ALAMODE    3/2007

062610T1

## RESIDENTIAL APPRAISAL SUMMARY REPORT

File No.: 062610T1

| COST APPROACH TO VALUE (if developed) | ☐ The Cost Approach was not developed for this appraisal. | | | | | |
|---|---|---|---|---|---|---|

Provide adequate information for replication of the following cost figures and calculations.

Support for the opinion of site value (summary of comparable land sales or other methods for estimating site value): **Site value was derived by extraction method.**

| | | | | | |
|---|---|---|---|---|---|
| ESTIMATED ☐ REPRODUCTION OR ☒ REPLACEMENT COST NEW | OPINION OF SITE VALUE | | | =$ | 146,000 |
| Source of cost data: Marshal & Swift/Contractors & Builders. | DWELLING | 1,300 Sq.Ft. @ $ 125.00 | | =$ | 162,500 |
| Quality rating from cost service: Good    Effective date of cost data: 12/21/2009 | | Sq.Ft. @ $ 0 | | =$ | |
| Comments on Cost Approach (gross living area calculations, depreciation, etc.): | | Sq.Ft. @ $ | | =$ | |
| Cost figures are derived from Marshall & Swift residential cost | | Sq.Ft. @ $ | | =$ | |
| handbook. Depreciation was derived by age/life method. Remaining | | Sq.Ft. @ $ | | =$ | |
| economic life estimated at 45 yrs. (30/75 @ 40.00 %) depreciation. | Builtins included in base | | | =$ | |
| | Garage/Carport | 440 Sq.Ft. @ $ 35.00 | | =$ | 15,400 |
| | Total Estimate of Cost-New | | | =$ | 177,900 |
| | Less     Physical     Functional | | External | | |
| | Depreciation     71,160 | | | =$( | 71,160) |
| | Depreciated Cost of Improvements | | | =$ | 106,740 |
| | "As-is" Value of Site Improvements | | | =$ | |
| | | | | =$ | |
| | | | | =$ | |
| Estimated Remaining Economic Life (if required):    45 Years | INDICATED VALUE BY COST APPROACH | | | =$ | 252,740 |

| INCOME APPROACH TO VALUE (if developed) | ☒ The Income Approach was not developed for this appraisal. | |
|---|---|---|
| Estimated Monthly Market Rent $    X Gross Rent Multiplier    = $ | | Indicated Value by Income Approach |

Summary of Income Approach (including support for market rent and GRM):

| PROJECT INFORMATION FOR PUDs (if applicable) | ☐ The Subject is part of a Planned Unit Development. |
|---|---|

Legal Name of Project:

Describe common elements and recreational facilities:

Indicated Value by: Sales Comparison Approach $ 252,000    Cost Approach (if developed) $ 252,740    Income Approach (if developed) $

Final Reconciliation  Direct sales comparison was given the greatest consideration as it best reflects typical reactions between buyer and seller, cost approach is supportive, income approach is not used since it was not requested for this appraisal.

This appraisal is made ☒ "as is",  ☐ subject to completion per plans and specifications on the basis of a Hypothetical Condition that the improvements have been completed,  ☐ subject to the following repairs or alterations on the basis of a Hypothetical Condition that the repairs or alterations have been completed,  ☐ subject to the following required inspection based on the Extraordinary Assumption that the condition or deficiency does not require alteration or repair:  No conditions apply.

☐ This report is also subject to other Hypothetical Conditions and/or Extraordinary Assumptions as specified in the attached addenda.

Based on the degree of inspection of the subject property, as indicated below, the defined Scope of Work, Statement of Assumptions and Limiting Conditions, and Appraiser's Certifications, my (our) Opinion of the Market Value (or other specified value type), as defined herein, of the real property that is the subject of this report is: $    252,000    , as of:    12/21/2009    , which is the effective date of this appraisal.
If indicated above, this Opinion of Value is subject to Hypothetical Conditions and/or Extraordinary Assumptions included in this report. See attached addenda.

A true and complete copy of this report contains  19  pages, including exhibits which are considered an integral part of the report. This appraisal report may not be properly understood without reference to the information contained in the complete report.

Attached Exhibits:

| ☒ Scope of Work | ☐ Limiting Cond./Certifications | ☐ Narrative Addendum | ☒ Photograph Addenda | ☒ Sketch Addendum |
|---|---|---|---|---|
| ☒ Map Addenda | ☒ Additional Sales | ☒ Cost Addendum | ☐ Flood Addendum | ☐ Manuf. House Addendum |
| ☐ Hypothetical Conditions | ☐ Extraordinary Assumptions | | | |

Client Contact:  N/A     Client Name:  Law Office of Bruce R. Babcock

E-Mail: brbab@hotmail.com     Address:  4808 Santa Monica Ave., San Diego, Ca 92107

| APPRAISER | SUPERVISORY APPRAISER (if required) or CO-APPRAISER (if applicable) |
|---|---|
| Appraiser Name: Trevor Smyth | Supervisory or Co-Appraiser Name: |
| Company:  Smyth Appraisals | Company: |
| Phone: (949) 939-7597   Fax: (949) 206-0667 | Phone:     Fax: |
| E-Mail: tcsmyth@sbcglobal.net | E-Mail: |
| Date of Report (Signature):  June 26, 2010 | Date of Report (Signature): |
| License or Certification #:  AR040660    State: Ca | License or Certification #:     State: |
| Designation:  California, Licensed | Designation: |
| Expiration Date of License or Certification:  7/4/2010 | Expiration Date of License or Certification: |
| Inspection of Subject: ☒ Interior & Exterior ☐ Exterior Only ☐ None | Inspection of Subject: ☐ Interior & Exterior ☐ Exterior Only ☐ None |
| Date of Inspection:  6/26/2010 for 12/21/2009 value estimate | Date of Inspection: |

Copyright© 2007 by a la mode, inc. This form may be reproduced unmodified without written permission, however, a la mode, inc. must be acknowledged and credited.

**GP RESIDENTIAL**   Form GPRES2 — "WinTOTAL" appraisal software by a la mode, inc. — 1-800-ALAMODE     3/2007

**DEFINITION OF MARKET VALUE:** The most probable price which a property should bring in a competitive and open market under all conditions requisite to a fair sale, the buyer and seller, each acting prudently, knowledgeably and assuming the price is not affected by undue stimulus. Implicit in this definition is the consummation of a sale as of a specified date and the passing of title from seller to buyer under conditions whereby: (1) buyer and seller are typically motivated; (2) both parties are well informed or well advised, and each acting in what he considers his own best interest; (3) a reasonable time is allowed for exposure in the open market; (4) payment is made in terms of cash in U.S. dollars or in terms of financial arrangements comparable thereto; and (5) the price represents the normal consideration for the property sold unaffected by special or creative financing or sales concessions* granted by anyone associated with the sale.

> * Adjustments to the comparables must be made for special or creative financing or sales concessions. No adjustments are necessary for those costs which are normally paid by sellers as a result of tradition or law in a market area; these costs are readily identifiable since the seller pays these costs in virtually all sales transactions. Special or creative financing adjustments can be made to the comparable property by comparisons to financing terms offered by a third party institutional lender that is not already involved in the property or transaction. Any adjustment should not be calculated on a mechanical dollar for dollar cost of the financing or concession but the dollar amount of any adjustment should approximate the market's reaction to the financing or concessions based on the appraiser's judgement.

## STATEMENT OF LIMITING CONDITIONS AND APPRAISER'S CERTIFICATION

**CONTINGENT AND LIMITING CONDITIONS:** The appraiser's certification that appears in the appraisal report is subject to the following conditions:

1. The appraiser will not be responsible for matters of a legal nature that affect either the property being appraised or the title to it. The appraiser assumes that the title is good and marketable and, therefore, will not render any opinions about the title. The property is appraised on the basis of it being under responsible ownership.

2. The appraiser has provided a sketch in the appraisal report to show approximate dimensions of the improvements and the sketch is included only to assist the reader of the report in visualizing the property and understanding the appraiser's determination of its size.

3. The appraiser has examined the available flood maps that are provided by the Federal Emergency Management Agency (or other data sources) and has noted in the appraisal report whether the subject site is located in an identified Special Flood Hazard Area. Because the appraiser is not a surveyor, he or she makes no guarantees, express or implied, regarding this determination.

4. The appraiser will not give testimony or appear in court because he or she made an appraisal of the property in question, unless specific arrangements to do so have been made beforehand.

5. The appraiser has estimated the value of the land in the cost approach at its highest and best use and the improvements at their contributory value. These separate valuations of the land and improvements must not be used in conjunction with any other appraisal and are invalid if they are so used.

6. The appraiser has noted in the appraisal report any adverse conditions (such as, needed repairs, depreciation, the presence of hazardous wastes, toxic substances, etc.) observed during the inspection of the subject property or that he or she became aware of during the normal research involved in performing the appraisal. Unless otherwise stated in the appraisal report, the appraiser has no knowledge of any hidden or unapparent conditions of the property or adverse environmental conditions (including the presence of hazardous wastes, toxic substances, etc.) that would make the property more or less valuable, and has assumed that there are no such conditions and makes no guarantees or warranties, express or implied, regarding the condition of the property. The appraiser will not be responsible for any such conditions that do exist or for any engineering or testing that might be required to discover whether such conditions exist. Because the appraiser is not an expert in the field of environmental hazards, the appraisal report must not be considered as an environmental assessment of the property.

7. The appraiser obtained the information, estimates, and opinions that were expressed in the appraisal report from sources that he or she considers to be reliable and believes them to be true and correct. The appraiser does not assume responsibility for the accuracy of such items that were furnished by other parties.

8. The appraiser will not disclose the contents of the appraisal report except as provided for in the Uniform Standards of Professional Appraisal Practice.

9. The appraiser has based his or her appraisal report and valuation conclusion for an appraisal that is subject to satisfactory completion, repairs, or alterations on the assumption that completion of the improvements will be performed in a workmanlike manner.

10. The appraiser must provide his or her prior written consent before the lender/client specified in the appraisal report can distribute the appraisal report (including conclusions about the property value, the appraiser's identity and professional designations, and references to any professional appraisal organizations or the firm with which the appraiser is associated) to anyone other than the borrower; the mortgagee or its successors and assigns; the mortgage insurer; consultants; professional appraisal organizations; any state or federally approved financial institution; or any department, agency, or instrumentality of the United States or any state or the District of Columbia; except that the lender/client may distribute the property description section of the report only to data collection or reporting service(s) without having to obtain the appraiser's prior written consent. The appraiser's written consent and approval must also be obtained before the appraisal can be conveyed by anyone to the public through advertising, public relations, news, sales, or other media.

**APPRAISER'S CERTIFICATION:** The Appraiser certifies and agrees that:

1. I have researched the subject market area and have selected a minimum of three recent sales of properties most similar and proximate to the subject property for consideration in the sales comparison analysis and have made a dollar adjustment when appropriate to reflect the market reaction to those items of significant variation. If a significant item in a comparable property is superior to, or more favorable than, the subject property, I have made a negative adjustment to reduce the adjusted sales price of the comparable and, if a significant item in a comparable property is inferior to, or less favorable than the subject property, I have made a positive adjustment to increase the adjusted sales price of the comparable.

2. I have taken into consideration the factors that have an impact on value in my development of the estimate of market value in the appraisal report. I have not knowingly withheld any significant information from the appraisal report and I believe, to the best of my knowledge, that all statements and information in the appraisal report are true and correct.

3. I stated in the appraisal report only my own personal, unbiased, and professional analysis, opinions, and conclusions, which are subject only to the contingent and limiting conditions specified in this form.

4. I have no present or prospective interest in the property that is the subject to this report, and I have no present or prospective personal interest or bias with respect to the participants in the transaction. I did not base, either partially or completely, my analysis and/or the estimate of market value in the appraisal report on the race, color, religion, sex, handicap, familial status, or national origin of either the prospective owners or occupants of the subject property or of the present owners or occupants of the properties in the vicinity of the subject property.

5. I have no present or contemplated future interest in the subject property, and neither my current or future employment nor my compensation for performing this appraisal is contingent on the appraised value of the property.

6. I was not required to report a predetermined value or direction in value that favors the cause of the client or any related party, the amount of the value estimate, the attainment of a specific result, or the occurrence of a subsequent event in order to receive my compensation and/or employment for performing the appraisal. I did not base the appraisal report on a requested minimum valuation, a specific valuation, or the need to approve a specific mortgage loan.

7. I performed this appraisal in conformity with the Uniform Standards of Professional Appraisal Practice that were adopted and promulgated by the Appraisal Standards Board of The Appraisal Foundation and that were in place as of the effective date of this appraisal, with the exception of the departure provision of those Standards, which does not apply. I acknowledge that an estimate of a reasonable time for exposure in the open market is a condition in the definition of market value and the estimate I developed is consistent with the marketing time noted in the neighborhood section of this report, unless I have otherwise stated in the reconciliation section.

8. I have personally inspected the interior and exterior areas of the subject property and the exterior of all properties listed as comparables in the appraisal report. I further certify that I have noted any apparent or known adverse conditions in the subject improvements, on the subject site, or on any site within the immediate vicinity of the subject property of which I am aware and have made adjustments for these adverse conditions in my analysis of the property value to the extent that I had market evidence to support them. I have also commented about the effect of the adverse conditions on the marketability of the subject property.

9. I personally prepared all conclusions and opinions about the real estate that were set forth in the appraisal report. If I relied on significant professional assistance from any individual or individuals in the performance of the appraisal or the preparation of the appraisal report, I have named such individual(s) and disclosed the specific tasks performed by them in the reconciliation section of this appraisal report. I certify that any individual so named is qualified to perform the tasks. I have not authorized anyone to make a change to any item in the report; therefore, if an unauthorized change is made to the appraisal report, I will take no responsibility for it.

**SUPERVISORY APPRAISER'S CERTIFICATION:** If a supervisory appraiser signed the appraisal report, he or she certifies and agrees that: I directly supervise the appraiser who prepared the appraisal report, have reviewed the appraisal report, agree with the statements and conclusions of the appraiser, agree to be bound by the appraiser's certifications numbered 4 through 7 above, and am taking full responsibility for the appraisal and the appraisal report.

**ADDRESS OF PROPERTY APPRAISED:** 762 Taft Ave, El Cajon, Ca 92020-6445

| **APPRAISER:** | **SUPERVISORY APPRAISER (only if required):** |
|---|---|
| Signature: | Signature: |
| Name: Trevor Smyth | Name: |
| Date Signed: June 26, 2010 | Date Signed: |
| State Certification #: AR040660 | State Certification #: |
| or State License #: | or State License #: |
| State: Ca | State: |
| Expiration Date of Certification or License: 7/4/2010 | Expiration Date of Certification or License: |

☐ Did   ☐ Did Not Inspect Property

Form ACR — "WinTOTAL" appraisal software by a la mode, inc. — 1-800-ALAMODE

## Building Sketch

| Borrower/Client | N/A | | | | |
|---|---|---|---|---|---|
| Property Address | 762 Taft Ave | | | | |
| City | El Cajon | County  San Diego | State  Ca | Zip Code  92020-6445 | |
| Borrower/Client | N/A | | | | |



## Plat Map

| Borrower/Client | N/A | | | | | |
|---|---|---|---|---|---|---|
| Property Address | 762 Taft Ave | | | | | |
| City | El Cajon | County | San Diego | State | Ca | Zip Code 92020-6445 |
| Borrower/Client | N/A | | | | | |



## Aerial Map

| Borrower/Client | N/A | | | | | | |
|---|---|---|---|---|---|---|---|
| Property Address | 762 Taft Ave | | | | | | |
| City | El Cajon | County | San Diego | | State | Ca | Zip Code | 92020-6445 |
| Borrower/Client | N/A | | | | | | |



## Subject Photos

| Borrower/Client | N/A | | | | |
|---|---|---|---|---|---|
| Property Address | 762 Taft Ave | | | | |
| City | El Cajon | County San Diego | State Ca | Zip Code 92020-6445 | |
| Borrower/Client | N/A | | | | |



**Subject Front**

762 Taft Ave
| | |
|---|---|
| Sales Price | N/A |
| Gross Living Area | 1,300 |
| Total Rooms | 6 |
| Total Bedrooms | 4 |
| Total Bathrooms | 2 |
| Location | Average |
| View | None |
| Site | 7,900 |
| Quality | Average |
| Age | 54 |



**Subject Rear**



**Subject Street**

Form PIC3x5.SR — "WinTOTAL" appraisal software by a la mode, inc. — 1-800-ALAMODE

## Subject Interior Photo Page

| Borrower/Client | N/A | | | | | |
|---|---|---|---|---|---|---|
| Property Address | 762 Taft Ave | | | | | |
| City | El Cajon | County | San Diego | State | Ca | Zip Code  92020-6445 |
| Borrower/Client | N/A | | | | | |

**Family Room**



762 Taft Ave
| | |
|---|---|
| Sales Price | N/A |
| Gross Living Area | 1,300 |
| Total Rooms | 6 |
| Total Bedrooms | 4 |
| Total Bathrooms | 2 |
| Location | Average |
| View | None |
| Site | 7,900 |
| Quality | Average |
| Age | 54 |

**Kitchen**



**Bathroom**



## Photograph Addendum

| Borrower/Client | N/A | | | | | |
|---|---|---|---|---|---|---|
| Property Address | 762 Taft Ave | | | | | |
| City | El Cajon | County | San Diego | State | Ca | Zip Code 92020-6445 |
| Borrower/Client | N/A | | | | | |



**Subject bathroom**

Comments:



**Subject patio room**

Comments:





**Subject dining room**

Comments:



**Subject patio room**

Comments:

## Photograph Addendum

| Borrower/Client | N/A | | | | | |
|---|---|---|---|---|---|---|
| Property Address | 762 Taft Ave | | | | | |
| City | El Cajon | County | San Diego | State | Ca | Zip Code 92020-6445 |
| Borrower/Client | N/A | | | | | |



**Subject front courtyard**

Comments:



**Subject front courtyard**

Comments:



Comments:



**Subject front courtyard**

Comments:

## Photograph Addendum

| Borrower/Client | N/A | | | | | | |
|---|---|---|---|---|---|---|---|
| Property Address | 762 Taft Ave | | | | | | |
| City | El Cajon | | County | San Diego | State | Ca | Zip Code | 92020-6445 |
| Borrower/Client | N/A | | | | | | |



**Subject storage shed in backyard**

Comments:



**Subject backyard**

Comments:



**Subject side**

Comments:



**Subject storage shed**

Comments:

## Comparable Photo Page

| Borrower/Client | N/A | | | | | |
|---|---|---|---|---|---|---|
| Property Address | 762 Taft Ave | | | | | |
| City | El Cajon | County | San Diego | State | Ca | Zip Code  92020-6445 |
| Borrower/Client | N/A | | | | | |



### Comparable 1

622 Taft Ave.

| | |
|---|---|
| Prox. to Subject | 0.19 miles N |
| Sales Price | 237,000 |
| Gross Living Area | 1,226 |
| Total Rooms | 5 |
| Total Bedrooms | 3 |
| Total Bathrooms | 1 |
| Location | Average |
| View | None |
| Site | 12,000 |
| Quality | Average |
| Age | 58 |



### Comparable 2

405 Filbert St.

| | |
|---|---|
| Prox. to Subject | 0.36 miles NE |
| Sales Price | 252,000 |
| Gross Living Area | 1,228 |
| Total Rooms | 5 |
| Total Bedrooms | 3 |
| Total Bathrooms | 2 |
| Location | Average |
| View | None |
| Site | 11,100 |
| Quality | Average |
| Age | 45 |



### Comparable 3

733 S Sunshine Ave.

| | |
|---|---|
| Prox. to Subject | 0.45 miles W |
| Sales Price | 205,000 |
| Gross Living Area | 1,364 |
| Total Rooms | 5 |
| Total Bedrooms | 2 |
| Total Bathrooms | 2 |
| Location | Average |
| View | None |
| Site | 8,276 |
| Quality | Average |
| Age | 53 |

**License**

| Borrower/Client | N/A | | | | | |
|---|---|---|---|---|---|---|
| Property Address | 762 Taft Ave | | | | | |
| City | El Cajon | | County | San Diego | State | Ca | Zip Code | 92020-6445 |
| Borrower/Client | N/A | | | | | |



STATE OF CALIFORNIA

Business, Transportation & Housing Agency
**OFFICE OF REAL ESTATE APPRAISERS**

REAL ESTATE APPRAISER LICENSE

OREA APPRAISER IDENTIFICATION NUMBER     AR040660

**TREVOR C. SMYTH**

has successfully met the requirements for a license as a residential real estate appraiser in the State of California and is, therefore, entitled to use the title "Certified Residential Real Estate Appraiser".

This license has been issued in accordance with the provisions of the Real Estate Appraisers' Licensing and Certification Law.

OFFICE OF REAL ESTATE APPRAISERS

Bob Clark

Date Issued:  March 11, 2009
Date Expires:  July 4, 2010

Audit No. 11

THIS DOCUMENT CONTAINS A TRUE WATERMARK - HOLD UP TO LIGHT TO SEE "SAFE" AND "VERIFY FIRST"

Form MAP.PLAT — "WinTOTAL" appraisal software by a la mode, inc. — 1-800-ALAMODE

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA

Chapter 13 Plan (Recommended Form)

In Re:  **William Seth Hill**
        **Kathleen Hill**

Case Number:  **09-19516-PB13**

☐ Original Plan
*FIRST* ■ Amended Plan

**CREDITORS: YOU SHOULD READ THIS PLAN CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY. CONFIRMATION OF THIS PLAN BY THE BANKRUPTCY COURT MAY MODIFY YOUR RIGHTS IN SEVERAL WAYS INCLUDING PROVIDING FOR PAYMENT OF LESS THAN THE FULL AMOUNT OF YOUR CLAIM, SETTING THE VALUE OF THE COLLATERAL SECURING YOUR CLAIM, AND SETTING THE INTEREST RATE ON YOUR CLAIM.**

1.    **Plan Payments.** There shall be paid to the Chapter 13 Trustee the amount of **$ 952.00** each month by debtor(s), or any entity from whom debtor(s) receive income, in such installments as agreed upon with the Trustee, for payment of all existing debts of debtor(s) pursuant to this Plan, except as the Court may otherwise order. Payments from debtor(s) shall begin within 30 days of filing the petition or conversion order. Debtor(s) submit all future income to the supervision and control of the Trustee during this case and agree to pay sufficient funds to the Trustee on or before five years from commencement of this case to fully complete this Plan.

2.    **Pre-confirmation Adequate Protection Payments.** If direct payments to creditors pursuant to §1326(a) are made, debtor will immediately provide trustee evidence of the payments including the creditor name and address and the amount and date of each payment. Trustee is under no obligation to adjust filed and allowed claims unless there is a court order or specific written direction from the claimant.

3.    **Administrative Claims.** Trustee will pay allowed administrative claims and expenses in full pursuant to §1326(b) as set forth below unless the holder of such claim has agreed to a different treatment of its claim:

(A). Trustees Fees: The Chapter 13 Trustee shall receive a fee at the time of each disbursement, the percentage of which is set by the United States Trustee.

(B). Debtor's Attorney Fees: Debtor's attorney shall be paid after creditors listed in paragraph 7 except as checked below:

___ Attorney fees paid in full prior to other claims. (Do not check this option if lease payments/adequate protection payments are necessary).

_✓_ Attorney fees to be paid at the rate of $___ *700* per month prior to other claims. (If no amount is filled in attorney will be paid after creditors listed in paragraph 7).

(C). Except as ordered by the court, other §1326(b) claims will be paid in installments as set forth by the trustee in advance of other claims. All other claims entitled to priority and post petition claims allowed by law shall be paid in full by deferred payments in such priority and installments as the trustee in his discretion deems appropriate, unless this plan specifically provides otherwise.

4.    **Specified Leases, Personal Property (Trustee to pay).** Debtor(s) elect to assume the existing lease of personal property with the below named creditors:

(A). REGULAR LEASE PAYMENTS: After payments provided in prior paragraphs, trustee shall make distribution to named lease creditors in the installment specified from funds available for distribution monthly until claim is paid in the amount allowed. Any option to purchase or any payments under a carry-over provision shall be paid by debtor(s) directly.

(B). ARREARS LEASE PAYMENTS: After the regular monthly lease payment above, trustee shall pay any lease arrears to named lease creditors in the installment specified from funds available monthly until claim is paid in the amount allowed.

| Name of Creditor | Regular Monthly Payment Installment | Estimated Arrears | Arrears Installment |
|---|---|---|---|
| **-NONE-** | | | |

5.    **Specified Secured Claims, Personal Property.** After payments provided for by prior paragraphs, Trustee shall make payment to creditors (their agents and assigns) named in this paragraph whose claims are allowed secured solely by personal property. Each named creditor shall be paid in installments from funds available for distribution monthly, non-cumulative, as indicated until claim is paid in amount allowed secured plus interest at seven percent (7%) per annum unless a different percentage is specified below. The balance of the claim shall be treated as unsecured. **Upon confirmation, creditor will be deemed to accept the classification, valuation and interest rate set forth and payment pursuant to this provision will be binding, even if creditor is not subject to §506 valuation, unless creditor timely objects and the court orders otherwise.**

| Name of Creditor | Allowed Secured Value | Installment | (Optional) % Interest |
|---|---|---|---|
| **-NONE-** | | | |

6.    **Specified Secured Claims, Personal Property (§506 valuation not applicable) (purchase money security interest in vehicles**

Revised 9/05

Page 1 of 4

*EXHIBIT E*

Case Number: **09-19516-PB13**

**purchased for personal use within 910 days of filing the petition or other secured debt within one year of filing the petition).** Creditors named in this paragraph shall be paid in the same priority as creditors listed in paragraph 5 above but in full for allowed claims secured solely by personal property for which §506 valuation is not applicable. Each named creditor shall be paid in installments from funds available for distribution monthly, non-cumulative, as indicated until claim is paid in amount allowed plus interest at seven percent (7%) per annum unless a different percentage is specified below. **Upon confirmation, the interest rate set forth will be binding unless creditor timely objects and the court orders otherwise.**

| Name of Creditor | Estimated Claim | Installment | (Optional) % Interest |
|---|---|---|---|
| **-NONE-** | | | |

7.      **Domestic Support Obligations.** After payments provided for in prior paragraphs, allowed claims for a domestic support obligation as defined by §507(a)(1), shall be paid, as to amounts due and payable at the commencement of the case, in full 100% to those creditors named below in installments from funds available for distribution monthly, non-cumulative, as indicated until claim is paid in amount allowed without interest unless an optional interest percentage is specified below. Holders of claims for domestic support obligations, other than creditors specifically named will be paid as indicated in paragraph 3 of this plan. Post-petition support shall be paid by the debtor directly to support creditors as such payments become due and payable.

| Name of Creditor | Estimated Arrears | Installment | (Optional) % Interest |
|---|---|---|---|
| **-NONE-** | | | |

**Assigned Domestic Support Obligations not to be paid in full.** If debtor's projected disposable income for a period of five years will be applied to make payments under this plan, debtor may provide for less than full payment to assigned Domestic Support Obligations (DSOs) defined in §507(a)(1)(B). Although the unpaid DSOs remain nondischargeable, after creditors provided for in prior paragraphs, debtor proposes to pay the below named assigned DSO creditors on their filed and allowed claims in installments from funds available for distribution monthly, non-cumulative, as indicated until the equivalent of 60 months of projected disposable income has been paid into the plan for distribution to creditors. If there are any remaining funds after payment to other creditors pursuant to the plan, those funds may be paid to any creditor in this paragraph whose claim is not paid in full.

| Name of Creditor | Estimated Claim | Installment |
|---|---|---|
| **-NONE-** | | |

8.      **Secured Co-debtor claims.** After payments provided for by prior paragraphs, creditors (their agents and assigns) named in this paragraph who have allowed claims secured by personal property with a co-debtor liable thereon, shall be paid by the trustee 100% of the claim as allowed plus interest at the contract rate (if clearly specified in the claim) in installments as indicated. Installments are to be paid from funds available for distribution monthly non-cumulative. If no contract rate of interest is clearly specified in the claim, pay the interest rate specified below or if none specified, pay 12% A. P. R. interest.

| Name of Creditor | Installment | (Optional) % Interest |
|---|---|---|
| **-NONE-** | | |

9.      **Real Estate or Mobile Homes (Trustee to pay arrears only).** Notwithstanding any other provision of this plan, during this case and following completion of this case, debtors shall make the usual and regular payments (including any balloon payments) called for by any security agreements supporting non-voidable liens against debtor's real estate or mobile home, directly to lien holders in a current manner. However, arrears to named lien holders (their agents and assigns) shall be paid in installments by Trustee from funds available for distribution monthly, non-cumulative, and except for creditors paid pursuant to prior paragraphs of this plan, shall be paid in advance of periodic distribution to other creditors. Each named creditor shall be paid in installments indicated until arrears claim is paid in amount allowed plus interest at seven percent (7%) per annum, unless a different percentage is specified below.

Provisions of this paragraph shall operate to cure any default of any real estate or mobile home security agreement notwithstanding that by the terms thereof, or by the laws or processes of a governmental unit, the time for redemption or reinstatement has expired. If there exist creditors not dealt with by this plan holding statutory or other liens against debtor's real estate or mobile home and the obligation is fully due, for reasons other than the exercise of power of acceleration for failure to make installment payments, unless the Court orders otherwise, debtor(s) will pay said claim directly to said creditor in full on or before six months time following the date of confirmation of this Plan. Unless otherwise specifically provided for elsewhere in the plan, secured tax claims shall be paid as though secured only by personal property even if also secured by real property.

| Name of Creditor | Estimated Arrears | Installment | (Optional) % Interest |
|---|---|---|---|
| **Everhome Mortgage** | **18,000.00** | **828.65** | **7.00** |

10.      **Real Estate or Mobile Home (Trustee to pay entire claim).** Notwithstanding any other provisions of this plan, the below named creditors (their agents and assigns) who have security agreements supporting non-voidable liens against debtor's real estate or mobile home or are cross-collateralized shall be paid in installments by Trustee from funds available for distribution monthly, non-cumulative, and except for creditors paid pursuant to prior paragraphs of this plan shall be paid on their allowed claims in advance of periodic distribution to other creditors. Each named creditor shall be paid in installments as indicated until the allowed secured claim is paid 100% plus interest at seven percent (7%) per annum, unless a different percentage is specified below.

| Name of Creditor | Estimated Claim | Installment | (Optional) % Interest |
|---|---|---|---|
| **Monarch Grand Vacation H.O.A.** | **650.00** | **110.31** | **7.00** |
| **San Diego County Tax Collector** | **1,565.00** | **265.58** | **7.00** |

Revised 09/05

Software Copyright (c) 1996-2005 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                    Best Case Bankruptcy

11.      **Other secured personal property creditors and lease creditors.**      After payments provided for in prior paragraphs, Trustee shall pay holders of other claims allowed secured solely by personal property. Any creditor holding a lease on personal property in debtor's possession with a filed and allowed claim, unless specifically dealt with elsewhere in this plan, shall be treated as a secured creditor herein. All claims pursuant to this paragraph shall be paid pro-rata with other such creditors to the amount allowed plus interest at seven percent (7%) per annum unless a different percentage is specified below and in advance of distribution to general unsecured creditors:

(Optional) % interest: _____

12.      **Unsecured co-debtor claims.**      After payments provided for by prior paragraphs, creditors (their agents and assigns) named in this paragraph who have allowed unsecured claims with a co-debtor liable thereon, shall be paid by the trustee 100% of the claim as allowed plus interest at the contract rate (if clearly specified in the claim) in installments as indicated. Installments are to be paid from funds available for distribution monthly non-cumulative. If no contract rate of interest is clearly specified in the claim, pay the interest rate specified below or if none specified, pay 12% A. P. R. interest.

| Name of Creditor | Installment | (Optional) % Interest |
|---|---|---|
| **-NONE-** | | |

13.      **Non-priority Unsecured Claims.**    After dividends to all other creditors pursuant to the plan, trustee may pay dividends pro-rata to claims allowed. Unsecured non-priority creditors will receive:

**_6_ %** or a pro-rata share of $ _6527.76_ , whichever is greater. (The dollar amount is the greater of (1) the non-exempt assets or (2) the applicable commitment period of 36 or 60 months multiplied by debtor's projected disposable income). If both the percentage and dollar amount are left blank, trustee is to pay 100% to unsecured creditors. If the percentage is left blank, trustee will pay the dollar amount to unsecured creditors. If the percentage is filled in at less than 100% and the dollar amount is left blank, trustee is authorized to increase the percentage if necessary to comply with the required applicable commitment calculation.

14.      **Special Unsecured Claims.**      Notwithstanding any other provision of the plan, creditors named in this paragraph shall be paid as an unsecured claim but in full 100% of the claim amount allowed [Debtors represent compliance with section 1322(b)(1)].

| Name of Creditor | (Optional) Interest rate |
|---|---|
| **-NONE-** | |

15.      **Exclusion of creditor.**      Notwithstanding any other provision of the plan, debtor(s) elect to assume the existing lease or contract with creditors in this paragraph. These named creditors shall not be dealt with or provided for by this plan. All pre-petition and post-petition payments due to listed creditors, including defaults, should be disallowed as claims for payment herein, unless agreed upon by the Trustee with notice and an opportunity to object by Debtor.

| Name of Creditor | Collateral |
|---|---|
| **-NONE-** | |

16.      **Rejection of Claim, Return of Collateral.**      Debtor(s) elect not to assume the lease or contract with creditors (their agents and assigns) named in this paragraph and shall surrender to such creditor the collateral subject to creditor's lien or lease in full satisfaction of any secured claim arising from the transaction creating creditor's interest in said property.

| Name of Creditor | Collateral |
|---|---|
| **-NONE-** | |

17.      **Post-Petition Claims.**    Claims allowed for post-petition debts incurred by debtor(s) may be paid in full 100% of the claim in such order and on such terms as the Trustee, in his sole discretion, may determine. Trustee or any adversely affected party in interest may file to dismiss case if debtor(s) incur post-petition debts without the written consent of Trustee and debtor(s) fail to make sufficient payments to keep such obligations current.

18.      **General Provisions.**    Post-Petition earnings while this case is pending shall remain property of the estate and shall not vest in the debtor notwithstanding §1327. Any remaining funds held by the Trustee after dismissal or conversion of a confirmed case may be distributed to creditors pursuant to these Plan provisions. Pursuant to section 1322(b)(3), Trustee shall have the power to waive, in writing and on such conditions as the Trustee may impose, any default in debtor's payment to Trustee under this Plan. Any tax refunds or other funds sent to the debtor(s) in care of the Trustee during this case may be deposited to debtor(s) account and disbursed to creditors pursuant to the plan.

Revised 09/05

Software Copyright (c) 1996-2005 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                                                                                          Best Case Bankruptcy

19.    **Other Provisions:**

The value of Debtors' residence at 762 Taft Ave., El Cajon, CA  92020 shall be deemed to be $252,000 as of the 12/19/09 Petition date herein.  Failure of any creditor to object to this Chapter 13 Plan shall be deemed consent to such proposed valuation of Debtors' residence.  Any claim submitted by Vericrest Financial, Inc. arising from the 2nd trust deed lien recorded against Debtors' residence shall be deemed wholly unsecured and any such unsecured amount shall not be paid via this plan or otherwise as such debt has been previously discharged via Debtors' prior Chapter 7 bankruptcy.  Debtor will file a motion to have the Court determine the valuation of the residence per 11 USC. section 506(a) and to either (1) find that such lien is void pursuant to 11 USC section 506(d) or (2) strip any such 2nd trust deed lien from said residence pursuant to 11 USC sections 506(a), 1322 and the provisions of this Plan.

Debtors shall provide the Trustee herein with all federal tax returns filed for 2009 and later within 30 days after such filing.  Debtors shall pay to the Trustee herein any tax refunds received on or after the 12/21/09 Petition date herein within 30 days of such receipt.  Debtors shall not change their withholding exemptions in such a way as to decrease any tax refund otherwise due them.

*Special Note: This plan is intended as an exact copy of the Chapter 13 (recommended form) plan last revised 9/05, except as to any added paragraphs after paragraph 18 above. The trustee shall be held harmless from any changes in this plan from the recommended plan dated 9/05.*

Plan Dated:    **June 28, 2010**                          Debtor:  **/s/ William Seth Hill**
**( DATE IS MANDATORY )**                                    **William Seth Hill**

                                                   Joint Debtor:  **/s/ Kathleen Hill**
                                                          **Kathleen Hill**

**/s/ Bruce R. Babcock**
Attorney for Debtor(s)
**Bruce R. Babcock, Attorney**
**4808 Santa Monica Ave.**
**San Diego, CA 92107**

Revised 09/05

Page 4 of 4