Bruce R. Babcock - State Bar #85878
4808 Santa Monica Ave.
San Diego, CA  92107

(619) 222-2661

Attorney for Debtors

UNITED STATES BANRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

IN RE:

WILLIAM SETH HILL and
KATHLEEN HILL,

              Debtors

CASE NO:   09-19516-PB13

SUPPLEMENTAL POINTS AND AUTHORITIES SUPPORTING MOTION FOR VALUATION OF DEBTORS' RESIDENCE AND AVOIDANCE OF TRUST DEED LIEN AGAINST SAID RESIDENCE,

11 U.S.C.§§506 & 1322

DATE: October 20, 2010
TIME: 9:00 A.M.
DEPT: 1

TO THE HONORABLE UNTIED STATES BANKRUPTCY JUDGE, CHAPTER 13 TRUSTEE AND ALL INTERESTED PARTIES:

    At and after the hearing on the above-entitled motion on 10/5/10 in Department 1 of the above-entitled Court a few matters have arisen to which Debtors would like to offer the following points and authorities.

    1. At the October 5th hearing the Court enquired of Debtors' counsel as to the applicability of the Supreme Court decision in Dewsnup vs. Timm (1992) 502 U.S. 410 to this case.  Unfortunately, aside from recalling that he had reviewed the case the day before and found it supportive of Debtors' position regarding lien strip pursuant to 11 U.S.C. §506(a) plus §506(d), Debtors' counsel could not fully answer and the Court and counsel agreed that he would address such question via brief prior to the 10/20 continued hearing.

    The Dewsnup case differs from this case as it was a Chapter 7 case.  A much more relevant difference, however, is that Debtor Dewsnup was seeking to use 11 U.S.C.

1

§506(a) coupled §506(d) to "strip down" the 1st trust deed lien against his home. The Supreme Court said he could not do so because U.S.C. §506(d) does not apply when the claim in question is (1) an allowed claim and (2) secured. In the Dewsnup case the subject 1st trust deed was allowed and was without question at least partially secured so it was not void or subject to striping pursuant to the clear language of §506(d). In the case at hand it is unclear that there is an allowed claim at all – Debtor listed Creditor CIT/Vericrest at a zero amount with a notation on schedule D that such any claim was a "lien on property only – no debt" and such creditor has not filed a claim. If there is a claim it has not been allowed, or has not been allowed in any amount other than zero. Assuming, however, that there is both a claim and it is, or may become, allowed, §506(d) still makes any lien securing any such claim void by the language of such code section and subject to stripping from Debtors' home. 11 USC §506(d) provides, in relevant part, that "**To the extent that a lien secures a claim** against the debtor **that is not an allowed secured claim, such lien is void**, unless …(describing two exceptions not applicable herein)." (emphasis added). This Court has already determined pursuant to 11 USC §506(a) and the facts herein that CIT/Vericrest's claim is not an allowable secured claim because it is wholly unsecured and the Court should forthwith make appropriate findings and an order to the effect that any alleged CIT/Vericrest lien is void and stripped from encumbering title to Debtors' home.

    The Court in Dewsnup observed that the position of Respondent Timm, joined by the U.S. as amicus curie, included the simple proposition that 506(a) refers to

"any claim that is, first, allowed, and second, secured. Because there is not question that the claim at issue here has been "allowed" pursuant to 502 of the Code and is secured by a lien with recourse to the underlying collateral, it does not come within the scope of **506(d), which voids only liens corresponding to claims that have not been allowed and secured.**". (emphasis added)

    In agreeing with Respondents' position the Court stated "Therefore, we hold that 506(d) does not allow petitioner to "strip down' respondents' lien, because respondents' claim is secured by a lien and has been fully allowed pursuant to 502".

It is clear from the Supreme Court's interpretation of 11 USC §506(d) that pursuant to such code section any lien of CIT/Vericrest is void and may be stripped from encumbering title to Debtors' home by an order from this Court. The requested order is needed in order to give effect and meaning to 11 USC §506(a) and (d) and in order to grant Debtors appropriate relief consistent with such code sections and the congressional intent behind them.

2. At the October 5th hearing the Court enquired about what % of unsecured claims would be paid under Debtors' proposed Plan and there was a bit of confusion on that point. A review of the schedules shows that Debtors have 3 secured claims, a $369,000 1st TD to Everhome secured by their home, $1,565 in back taxes secured by their home and $650 secured by a time share. They have no priority debts and have 3 unsecured debts, $36,109 to Citibank for student loans, $800 to an individual and $2,300 to an individual. Debtors' initial proposed Plan provided for payments of $500/mth. for 60 months and provided for repayment of $18,000 in arrearages to Everhome (plus 7%), repayment of the timeshare and property tax secured debts (plus 7%) and payment of $572 toward unsecured creditors. Such Plan contemplated Debtors paying the student loans outside the Plan and their Schedule J included $452/mth. for repayment of the student loans. Trustee Skelton objected to the exclusion of the student loans from the Plan. Debtors on 7/7/10 filed an amended Schedule J deleting such $452 payment from Schedule J and a First Amended Plan increasing the Plan payment by $452 to $952/mth. and providing for $6,527 to be paid through the Plan to unsecured creditors, including the student loans. Such First Amended Plan is for a 36 month period, will pay the $18,000 arrearages, the $1565 in back property taxes, the $650 timeshare debt, $383 of the $2,300 unsecured debt to Jackson Witte, $134 of the $800 unsecured debt to Adele Harmeling and $6,012 of the $36,109 unsecured student loans to Citibank. As such, it is roughly a 17% plan payment to unsecureds. It should be remembered, however, that Debtors are not entitled to a discharge in this case and that any unsecured debts not paid through the Plan will not be discharge and will be payable by Debtors after the plan period. Given Debtors' income and the size of the student loan debt Debtors cannot afford to pay any

higher percentage of their unsecured debts through their Plan and will need to do so after completion of their Plan.

3. After the October 5th hearing counsel for Debtors reviewed Debtors' Motion for Valuation filed 6/30/10 herein and discovered errors which should be corrected. At page 6, lines 23-28 of said Motion it states that if a lien is stripped pursuant to §506(a), §1322 and the Plan provisions such lien will reattach pursuant to 11 U.S.C. §1328 if Debtor's case is dismissed prior to completion of payments – such was a misstatement of the law as §1328 does not provide that at all. Additionally, said Motion at page 6 to page 7 states that if a lien is stripped pursuant to §506(a) and §506(d) such strip is effective immediately (which is true) and does not re-attach to the subject property in the event the case is dismissed prior to completion of the Plan (which is not true). In fact, 11 U.S.C. §349 provides that, unless the court orders otherwise, if a case is dismissed (other than a stockbroker dismissed under §742) such dismissal reinstates "any lien voided under section 506(d) of this title.". Counsel for Debtor regrets such errors in said Motion.

## CONCLUSION AND REQUEST

4. In this case the Court should (1) determine that Creditor CIT/Vericrest is wholly unsecured for all purposes relevant to this motion and therefore has no allowable secured claim herein, (2) strip off and void the 2nd T.D. held by said Creditor against Debtors' residence pursuant to 11 USC §§506(a), 506(d) and all other applicable code provisions and case law, (3) strip off and void the 2nd T.D. held by said Creditor against Debtors' residence pursuant to 11 USC §506(a), 11 USC §1322, the provisions of Debtors' proposed chapter 13 Plan and all other applicable code provisions and case law and (4) determine that CIT/Vericrest has no unsecured claim herein due to the prior discharge thereof, that such creditor will receive no payments via Debtors' Plan herein, and that Debtors' proposed Plan herein has provided for all allowed claims of Creditor CIT/Vericrest, if any.

Respectfully submitted,

DATED: 10/12/10      /s/ Bruce R. Babcock
Bruce R. Babcock,
Attorney for Debtors